### JOHN RANDALL *v.* SAMUEL ALBURTIS, JR.

A refusal, by a landlord occupying premises in conjunction with his tenant, to permit an under-tenant of the tenant to occupy the premises demised, is an eviction by the landlord, and will prevent his recovery in an action against the tenant for the rent.

But the mere entry by the landlord upon his tenant's premises, unaccompanied by any attempt to exclude the tenant therefrom, does not constitute an eviction.

APPEAL by plaintiff from a judgment of the Fourth District Court. This was an action to recover rent. The plaintiff and the defendant occupied together the store No. 7 Broad street— the defendant hiring the front part of it from the plaintiff. A partition, running across the middle of the store, separated the shops of the plaintiff and the defendant, both being occupied as paint shops. The action was brought for the rent due for the quarter ending 1st November, 1856. The evidence showed that the defendant had left the demised premises some time prior to the expiration of the quarter; that after he had left them, the plaintiff made some use of them, and claimed an equal right to use

them with the defendant; that the defendant, after having left them, leased them to one Jacob Fauenbecker, who was a boot and shoemaker, but that the plaintiff refused to allow him to occupy the premises for anything but a paint-shop. The justice rendered judgment for the defendant, and the plaintiff appealed.

*C. Patterson*, for the appellant. To constitute an eviction, the landlord must forcibly usurp and maintain possession of the demised premises. His mere entry therein is a trespass merely *Ogilvie* v. *Hall*, 5 Hill, 52; *Bushnell* v. *Lechmere*, 1 Lord Raymond, 369; *Hunt* v. *Cope*, 1 Cowp. 242; *Lansing* v. *Van Alstyne*, 2 Wend. 561.

*W. B. Winterton*, for the respondent. An eviction consists in taking from the tenant some part of the demised premises of which he was in possession. *Etheridge* v. *Osborn*, 12 Wend. 529. A physical eviction or expulsion is not necessary. It is sufficient for the tenant to prove that there was an interference with or disturbance of his beneficial enjoyment of the demised premises by the landlord, intentionally committed and injurious in its character. *Dyett* v. *Pendleton*, 8 Cow. 727; *Lewis* v. *Payn*, 4 Wend. 426; *Ogilvie* v. *Hall*, 5 Hill, 52; *Cohen* v. *Dupont*, 1 Sand. S. C. R. 260, *per* Sandford, J.; *Lucky* v. *Frantzkee*, 1 E. D. Smith, 52, *per* Ingraham, F. J.; *Upton* v. *Townend, Same* v. *Greenlees*, 33 Eng. L. & Eq. R. 212. An eviction from a part of the demised premises discharges from the payment of the whole rent. *Lewis* v. *Payn*, 4 Wend. 426; *Lawrence* v. *French*, 25 Wend. 444; *Christopher* v. *Austen*, 1 Kern. 216; Taylor's Land. & Ten., p. 200, §§ 247, 379, 380.

INGRAHAM, FIRST JUDGE.—From all the evidence in the case, it is apparent that the plaintiff and defendant, in the occupation of the store, had a joint occupation rather than a divided one. The testimony shows that both of them were at different times in different parts of the premises, according to their convenience.

The fact, then, of plaintiff's being in the front part of the

store (which was the part nominally rented to the defendant) was not sufficient to show an eviction. He did not exclude, or attempt to exclude the defendant, but merely claimed a right with him in the store. At best, he was only a trespasser, and where that is the case, and a remedy exists for the trespass, the law does not favor calling it an eviction.

But although by itself such occupation jointly with the defendant is not sufficient proof of an eviction, yet taken in connection with the exclusion of the defendant's tenant, and the prevention of his occupation, I think, was enough to warrant the justice in finding that the plaintiff had resumed the possession and determined to exclude the defendant's tenant from the premises. Such an interference, under the cases, is an eviction. See *Burn* v. *Phelps*, 1 Starkie, N. P. R. 94, and *Lawrence* v. *French*, 25 Wend. 443.

There is a distinction between an interference by the landlord who sues for the rent, and by a landlord who interferes with a sub-tenant, owing rent to an intermediate landlord. In the latter case it is not an eviction. *Lawrence* v. *French*.

The plaintiff had no right to dictate, under the original letting to his tenant, what business should be pursued therein. It formed no part of the agreement, and, without such reservation, the tenant had a right to carry on what business he thought proper.

At any rate, the question was one for the court below, and the finding is conclusive.

Judgment affirmed.